Bartlett, J.
So far as the facts of this case are concerned, we are content to affirm the judgment upon the opinion of the referee.
As to his rulings upon the trial, there are only two points which seem to us to require consideration.
The action was brought to recover money alleged to have been paid under duress. The defendant contended that the money was paid voluntarily, in satisfaction of a debt due and owing from the plaintiff’s father. On this issue there was a conflict of evidence. The plaintiff had testified that the defendant had been a bondsman for the plaintiff’s father as a trustee of a certain estate, and, also, that a suit had been brought against his father in the year 1880. He was then asked, on cross- examination by the defendant’s coun sel, the following question:
Q. “ Do you know whether the claim against your father in that suit was for misappropriation of the moneys of that estate ?” An objection to this question was sustained and an exception was taken by the defendant, who now argues that the exclusion of the testimony sought to be elicited by this question was erroneous, inasmuch as it was material to show just what position the plaintiff’s father occupied toward the defendant, as bearing upon the probability that the plaintiff would be willing to pay his father’s debt.
As to this point, it is sufficient to say that the defendant can have suffered no harm by the ruling; for, in a previous part of his cross-examination, the witness, when first asked about the suit in question against his father, had said: “There was a suit brought against him that year, the nature of which I do not know.”
The alleged duress, which was the gravamen of the action, consisted in the refusal of the defendant to turn over to the plaintiff certain shares of the stock of the Manganese Iron Ore Company, unless the plaintiff paid more than he admitted to be due thereon, Some of the testimony taken on the trial related to the ownership of this stock; and one Arthur F. Allen, a witness called in behalf of the plaintiff, testified on his direct examination that he knew, of his own knowledge, that the plaintiff bought Manganese iron ore stock of his father. Subsequently, on cross-examina *114 tion, the witness admitted that he was not present at the sale, and made other statements showing that he had no-personal knowledge on the subject. The defendant then moved to strike out the testimony of this witness as to his knowledge of the sale. The referee denied the motion and the defendant excepted. We think the ruling of the referee was. erroneous. The testimony was clearly hearsay, and should have been stricken out. The error, however, worked no harm to the defendant, for the fact of the sale of the stock to the plaintiff by his father, was abundantly established by other evidence.
The judgment appealed from should be affirmed, with costs.
Van Brunt, Oh. J., and Lawrence, J., concur.